Argued and submitted April 11, affirmed August 16, 2006

In the Matter of
Kalani Louise Barbosa,
a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Respondent,*

*v.*

Gonzalo Salgado BARBOSA,
*Appellant.*

03184J; A130498

140 P3d 1198

▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆

Inge D. Wells argued the cause for appellant. With her on the brief was Wells & Wells.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

PER CURIAM

▆▆▆▆▆

## PER CURIAM

Father appeals the denial of his motion to vacate the order committing child to the legal custody of the Department of Human Services (DHS). He argues that it is not in the best interests of child to give DHS legal custody because the agency may have erred in interpreting its legal constraints when it removed child from the home of one relative and placed her with other relatives.[1] We affirm.

We review the facts on the record *de novo*; we review the juvenile court's legal conclusions based on those facts for errors of law. ORS 419A.200(6); *State ex rel Juv. Dept. v. Campbell*, 178 Or App 271, 273, 36 P3d 989 (2001). A detailed discussion of the facts here would be of no benefit to the parties, bench, Bar, or public. On *de novo* review with deference to the juvenile court's credibility determinations, the record shows that some relatives' harassing contacts with other family members derailed child's first adoption case plan and that the court had credibility concerns about one of those same relatives. We conclude that DHS's legal custody is appropriate because DHS is acting in the best interests of child, including its most recent decision to place her with another relative under a new adoption case plan.

Affirmed.

---

[1] The issue of parental rights is not before us. Father and mother have both relinquished their parental rights, although father separately seeks to enforce an oral revocation of his relinquishment. In the proceeding below, father also unsuccessfully moved to place child with a particular relative. Although he raises that argument on appeal, we address only his single assignment of error, which concerns denial of his motion to vacate the court's custody order. *See* ORAP 5.45(1).